UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:18-cr-161 |
| v. | ) | |
| | ) | Judge Mattice |
| DORSEY EUGENE MCGAHEE | ) | Magistrate Judge Steger |
| | ) | |

## ORDER

Before the Court is Defendant Dorsey Eugene McGahee's ("Defendant" or "McGahee") Objection to Report and Recommendation. [Doc. 42].

McGahee filed a Motion to Suppress, [Doc. 26],[1] which the Court referred to Magistrate Judge Steger under 28 U.S.C. § 636(b)(1). [Doc. 28]. On July 11, 2019, Magistrate Judge Steger held an evidentiary hearing on the Motion, and on September 11, 2019, entered a Report and Recommendation on McGahee's Motion to Suppress. [Doc. 41]. Magistrate Judge Steger recommends that the Motion be granted in part and denied in part. [*See id.*]

McGahee timely objected in part to the Report and Recommendation, [Doc. 42], and the Government timely responded, [Doc. 43].

The Court has now reviewed the entire record pertinent to the instant objection, and for the reasons stated below, will **ACCEPT and ADOPT** Magistrate Judge Steger's Report and Recommendation and **GRANT IN PART and DENY IN PART** McGahee's Motion to Suppress.

---

[1] McGahee filed a revised brief containing new evidence in support of his Motion to Suppress. [Doc. 31]. Magistrate Judge Steger considered only that brief, and so will the Court.

## I. STANDARD OF REVIEW

The Court must review de novo those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## II. FACTS

Magistrate Judge Steger held an evidentiary hearing on July 11, 2019, at which Task Force Officer Jeremy Winbush testified and the Parties introduced evidence (a video of law enforcement questioning McGahee, a form advising McGahee of his rights, and a transcript from a bail hearing, [see Doc. 40]). On that basis, Magistrate Judge Steger developed an extensive factual record. McGahee's objection recites facts in accordance with the Report and Recommendation and the Government explicitly adopts Magistrate Judge Steger's findings. In other words, the Objection before the Court addresses only the legal conclusions in the Report and Recommendation. A review of the record supports Magistrate Judge Steger's findings of fact as set forth in the Report and Recommendation, and the Court therefore adopts them by reference. [Doc. 41].

## III. ANALYSIS

The Motion to Suppress contends that statements made by McGahee to three law enforcement officers—Task Force Officer Jeremy Winbush, Special Agent Galloway, and Special Agent Puckett—spread across two consecutive interviews at a Federal Bureau of Investigation office were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and that evidence gathered based upon those statements is fruit of the poisonous tree which must be suppressed. [Doc. 26; Doc. 31]. Magistrate Judge Steger concluded that Winbush failed to deliver *Miranda* warnings while conducting the first interview and

that statements made therein should be suppressed. He further concluded that Galloway and Puckett properly delivered *Miranda* warnings during the second interview and that McGahee waived his right to counsel, meaning statements made during the second interview should not be suppressed. Finally, Magistrate Judge Steger concluded that the fruit of the poisonous tree doctrine is inapplicable to *Miranda* violations and that derivative evidence related to the interviews should not be suppressed.

McGahee objects only to Magistrate Judge Steger's conclusion that the statements made during the second interview should not be suppressed and advances three arguments in support of his contention. First, he argues that the second interview amounts to an unconstitutional "interrogate, warn, interrogate" approach in which law enforcement officers conduct an interrogation to obtain incriminating but inadmissible statements, only after which they administer the *Miranda* warnings and then re-obtain the same incriminating (but now admissible) statements. Second, he argues that Galloway and Puckett ignored an unequivocal invocation of his right to counsel, which should have terminated their questioning. Finally, he argues that even if he did not invoke his right to counsel, neither he did not make an intelligent, knowing, and voluntary waiver of that right.

McGahee made the latter two arguments before Magistrate Judge Steger, but failed to assert in his original Motion to Suppress that the sequencing of the interviews and warnings amounted to unconstitutional midstream *Miranda* warnings. Whatever the merits of that argument, the "general rule [in the Sixth Circuit] is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." *Moore v. United States*, No. 14-114, 2016 WL 4708947, at *2 (E.D. Ky. Sept. 8, 2016) (citing *Moore v. Prevo*, 379 F. App'x

425, 428 n.6 (6th Cir. 2010)). District courts may make an exception for "compelling reasons," but the "Sixth Circuit has not fleshed out what reasons might be compelling." *Id.*

The Court can identify no compelling reasons for considering the new midstream *Miranda* argument, but even if there are, the argument must fail. McGahee relies on *Missouri v. Siebert*, 542 U.S. 600 (2004). The *Siebert* plurality outlined

> a series of relevant facts that bear on whether *Miranda* warnings delivered midstream could be effective ... [1] the completeness and detail and of the questions and answers in the first round of interrogation, [2] the overlapping content of the two statements, [3] the timing and setting of the first and second, [4] the continuity of police personnel, and [5] the degree to which the interrogator's questions treated the second round as continuous with the first.

*Id.* at 615; *see also United States v. Ray*, 803 F.3d 244, 272 (6th Cir. 2015) ("We ... adopt[] the multi-factor test announced by the *Siebert* plurality."). While the interrogations took place at the same office in close temporal proximity, they involved different personnel, as well as different and disjointed lines of substantive questioning.

Magistrate Judge Steger's recounting makes clear that Winbush inquired all but exclusively as to McGahee's girlfriend Nakeda Eady and then terminated the first interrogation to go speak with her. [Doc. 41, at 4]. Puckett and Galloway, on the other hand, launched rapidly into direct questions about the alleged bank robbery and carjacking underlying the arrest. [Doc. 41, at 5-6]. In other words, the first, second, fourth, and fifth factors cut against McGahee. The third factor alone—timing and setting—cannot shoulder the weight necessary to overcome the other four. The Court therefore turns to McGahee's other arguments, which were properly raised before Magistrate Judge Steger.

### A. Invocation of the Right to Counsel

McGahee contends that Magistrate Judge Steger erred in concluding that he did not unequivocally assert his right to counsel. Under the Fifth Amendment, when "a suspect in custody requests a lawyer, interrogation must cease" provided "the suspect *unambiguously* invoked his right to counsel." *Weissert v. Palmer*, 699 F. App'x 534, 540 (6th Cir. 2017) (emphasis added) (citing *Smith v. Illinois*, 469 U.S. 91, 98 (1984) (per curiam)). Where "'a suspect makes reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel,'" questioning need not cease. *Id.* (emphasis original) (quoting *Davis v. United States*, 512 U.S. 452, 459 (1994)).

McGahee contends that he invoked his right to counsel when he asked "[w]ell if a lawyer can come down here, can I get a lawyer?" [Doc. 41, at 6]. Galloway responded: "[w]ell, that is only something that you can decide and make the decision. We are here to talk to you, and that's up to you." [*Id.*] McGahee then said "I'll talk to you, but I don't know why [y'all] talking about I did no carjacking or no [expletive] bank robbery." [*Id.*]

The Court agrees with Magistrate Judge Steger's conclusion that McGahee did not avail himself of Fifth Amendment protection with his inquiry. Merely asking about having an attorney is not the unambiguous, unequivocal assertion of the right required to end questioning. *See, e.g.*, *Davis*, 512 U.S. at 462 (holding that the statement "maybe I should talk to a lawyer" was "not a request for counsel").

### B. Knowing and Voluntary Waiver

McGahee contends that Magistrate Judge Steger erred in concluding that he voluntarily, knowingly, and intelligently waived his right to counsel. *See Edwards v. Arizona*, 451 U.S. 477, 482 (1981) ("[W]aivers of counsel must not only be voluntary, but

-5-

must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege.").

Prior to the exchange in which McGahee equivocated about requesting a lawyer, Galloway confirmed with McGahee that he could read and write, and then read aloud a form detailing his *Miranda* rights, including his right to counsel and to have counsel appointed if he could not afford representation. [Doc. 41, at 6]. After the exchange about requesting a lawyer, McGahee agreed to continue talking and signed a form stating "I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present." [*Id.*]

McGahee's objection does not identify any particular defect in the recitation of rights, but instead re-formulates the midstream *Miranda* argument by contending that "it is important to pay due consideration to the context … [given] that Officer Winbush had already obtained information from Mr. McGahee without properly advising him of his Miranda rights. The fact that Mr. McGahee had already been subjected to questioning … helps to explain Mr. McGahee's confusion as to his right to counsel." [Doc. 42, at 14-15].

But Magistrate Judge Steger did not, and this Court cannot, conclude that McGahee was in fact so confused that he could not knowingly and voluntarily waive his right to counsel. Galloway read his rights aloud, and when McGahee asked about obtaining a lawyer, Galloway reiterated that that decision was McGahee's alone. McGahee's inquiry does not indicate confusion, it indicates instead that he was considering invoking the right (although he ultimately did not do so). Galloway then read aloud the portion of the form regarding waiver of rights, and McGahee signed it. McGahee

rightly points out that a waiver of constitutional rights is no trifling matter, but Galloway could not have made McGahee's rights any clearer nor his waiver of them any plainer.

## IV. CONCLUSION

For the reasons set forth herein,

- Defendant's Objection to Magistrate Judge Steger's Report and Recommendation, [Doc. 42], is hereby **OVERRULED**;

- Magistrate Judge Steger's Report and Recommendation, [Doc. 41], is hereby **ACCEPTED and ADOPTED**;

- Defendant's Motion to Suppress, [Doc. 26], is hereby **GRANTED in part** and **DENIED in part**.

**SO ORDERED** this 30th day of October, 2019.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE